# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Frank Gallo,**
**Defendant Below, Petitioner**

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1482** (Harrison County 10-C-391)

**William L. Thompson II, Michelle D. Thompson,**
**Kelsie A. Thompson, a minor, Lindsay M. Thompson,**
**a minor, and Jacob Z. Thompson, a minor,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Frank Gallo, by counsel Thomas W. Kupec, appeals the Circuit Court of Harrison County's "Final Order Denying Motion to Set Aside Verdict" entered on November 7, 2011. Respondents William and Michelle Thompson and their children are represented by T. Keith Gould.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondents suffered carbon monoxide poisoning as the result of a faulty furnace and/or faulty furnace vent in their rental home. The house was owned by John Gallo. Respondents asserted that John Gallo's son, Petitioner Frank Gallo, was responsible for the maintenance of the home. According to the parties' briefs, there was a factual dispute at trial about who had made arrangements for unqualified repairmen to work on the furnace and vent a few days before the poisoning. According to the briefs, respondents asserted that petitioner made the arrangements, while petitioner asserted that Respondent Ms. Thompson made the arrangements. The jury found that petitioner was negligent in this matter, assigning him seventy-five percent of the fault.[1] The jury awarded respondents a total of $133,239.28 in damages, primarily for medical expenses. Pursuant to West Virginia Code § 55-7-24, petitioner is jointly and severally liable for the entire judgment.

In this appeal, petitioner argues that the circuit court should have granted his "Motion to Set Aside the Jury Verdict" because there was insufficient evidence that he owed or breached

---

[1] John Gallo and unnamed persons were also found to be at fault; they are not parties to this appeal.

1

any duty to respondents. When denying the motion, the circuit court concluded that there was sufficient evidence for the jury to connect petitioner to the furnace repair and to respondents' injuries.

Because petitioner's motion was filed ten days after the judgment order was entered, we treat it as a motion for new trial filed pursuant to Rule 59 of the Rules of Civil Procedure. "This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard[.]" Syl. Pt. 1, in part, *The Burke-Parsons-Bowlby Corporation v. Rice*, No. 11-0183, 2012 WL 5478673 (W.Va. 2012).

Petitioner argues about what evidence was presented or was not presented at trial. However, petitioner has failed to include the trial transcript in the appendix record on appeal. Without an adequate record, including a transcript, we are unable to evaluate any of petitioner's claims. Moreover, based upon the representations in the parties' briefs, we must conclude that the jury heard the evidence and resolved any disputes when reaching its verdict. Accordingly, we find that the circuit court did not abuse its discretion in denying a new trial and we affirm.

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II